[No. 21880.   Department One.   February 4, 1930.]

T. F. MENTZER, *Respondent,* v. MENTZER BROTHERS
LUMBER COMPANY *et al., Appellants.*[1]

*A. E. Graham,* for appellants.
*Troy & Yantis,* and *T. F. Mentzer,* for respondent.

BEALS, J.—Plaintiff T. F. Mentzer and defendant
C. A. Mentzer are brothers, defendant Marie Mentzer
being the daughter of defendant C. A. Mentzer. Dur-
ing the year 1890, the two brothers formed a partner-
ship for the purpose of engaging in different branches
of the timber industry, and their close association in
business continued up to the time of the institution of
this action. Their first business venture appears to
have been the operation of a small mill at Tenino which
they conducted as a copartnership under the name of
Mentzer Bros.

Up to 1909 their business relations and methods, at

[1]Reported in 284 Pac. 749.

least as between themselves, appear to have been rather informal. At that time, they found it convenient to obtain a loan for the purpose of raising money to pay their indebtedness, and the agency which agreed to finance them insisted that a corporation be formed, that all the assets of the brothers be transferred to the corporation and that a proper system of accounting be established.

In accordance with this suggestion, Mentzer Bros. Lumber Co., a corporation, was organized with a capital stock of 2,000 shares, 750 of which were issued to T. F. Mentzer, 1,150 to C. A. Mentzer and 100 to Marie Mentzer. One hundred thousand dollars was advanced by the mortgagee, which was used to pay the more pressing debts of the corporation, most of which having been occasioned by a fire which occurred in May, 1907. Thereafter the business continued substantially as before until 1912, when, due to the failure of the corporation to make payments on its mortgage indebtedness, a receiver was appointed at the instance of the mortgagee. Since this time, the corporation, while it has engaged in business to some extent, has been gradually liquidating its affairs with the object of paying its debts and dividing its remaining assets among its stockholders.

For convenience, defendant C. A. Mentzer will be referred to as the defendant or the appellant.

In this action, plaintiff demands an accounting and a decree awarding him such proportion of the remaining assets of the corporation as the amount of his capital stock bears to the capital stock of the corporation, which proportion amounts to three-eighths. On the other hand, defendant demands a full accounting of all transactions between himself and plaintiff since their first association in business in 1890 and such division of the assets of the corporation as, after such

accounting, shall appear just. Plaintiff contends that under no circumstances should any accounting go back of November, 1909, the date of the incorporation of Mentzer Bros. Lumber Co., while defendant strenuously insists that the accounting should begin with the first association of the brothers as partners.

A referee was appointed for the purpose of taking evidence concerning the accounts between the brothers, who has made an extensive report showing the result of his investigation. The referee in his report, presented two series of accounts, one made on plaintiff's theory, commencing with the organization of defendant corporation, according to which plaintiff is indebted to the corporation in the sum of approximately $12,000, while defendant is indebted to the corporation in the sum of approximately $42,400. On the other theory, that of a complete accounting, the referee reported the same indebtedness on the part of plaintiff, but showed a greatly decreased indebtedness on the part of defendant, who, on this basis, owed the corporation only a little over $13,600.

The trial court adopted plaintiff's theory and entered judgment dividing the assets of the corporation upon the basis that plaintiff owed the corporation approximately $12,000, while defendant was indebted to it in the sum of approximately $42,400.

In the judgment, the rights of defendant Marie Mentzer were apparently misapprehended, and both parties agree that the judgment is, as to her, erroneous and should be corrected.

From the judgment entered, defendants C. A. Mentzer and Marie Mentzer have appealed, the former assigning error upon the entry of the judgment upon what he conceives to be a fundamentally wrong basis, upon the overruling of his motion for a new trial, and the denial of his petition to reopen the case for the

taking of additional testimony. Defendant also contends that the trial court erred in allowing credits and establishing charges in favor of and against plaintiff and defendant.

Respondent contends that, in 1909, at the time the corporation was organized, an accounting between the brothers was had, and that the trial balance made at this time should be accepted as the starting point of the accounting to be made in this action. Respondent urges that the accounting then made was agreed to by the parties; that, in any event, the statute of limitations bars any claims which appellant might otherwise have as to matters arising prior to the incorporation of the business, and that appellant, by long acquiescence in the statement of account made in 1909, is now estopped from questioning its correctness and completeness. Respondent argues that, because, at the time of the organization of the corporation, appellant chose a bookkeeper, who prepared an account of the business as it then stood and set up the system of accounting to be maintained by the corporation, appellant cannot in this proceeding go back of the accounts then established.

We are of the opinion that, under the peculiar circumstances of this case, the trial court erred in refusing to go back of the organization of the corporation for the purpose of making a full accounting between respondent and appellant. We are convinced that the statement of the business, as made out at the time of the organization of the corporation, was not such a statement as became, then or ever, binding upon the parties as to their relations to the partnership (later the corporation) business or property.

We are also satisfied that no facts exist which constitute any estoppel against appellant, and that the whole account between the brothers constitutes in law

one account, and that consequently the statute of limitations does not apply to any portion of the account of the general business.

We do not attempt to pass upon the different items of the account as disclosed by the report of the referee or the evidence in the case, but we do hold that the trial court erred in refusing to consider matters which arose between respondent and appellant prior to the organization of the corporation, and that each party may show, by any competent evidence which can be produced, the true situation as it has existed between the brothers from the time they commenced their business association, in regard to their respective interests in the business which they jointly own, whether conducted by them as partners or through the corporation.

They should be permitted to show, if competent evidence can be produced, credits in favor of, or charges against, either party hereto, to the end that a complete accounting between the parties may be made, if possible.

In view of the fact that a new trial of the action must be had, we deem it inadvisable to attempt to discuss the arguments made by the respective parties in regard to the inclusion or non-inclusion of certain items in the totals as established by the trial court in its judgment. Additional evidence concerning these matters may possibly be presented upon the retrial of the action which would render inappropriate any review of these questions which we might now make.

The judgment appealed from is reversed with directions to grant appellants' motion for a new trial.

PARKER, TOLMAN, and MILLARD, JJ., concur.