[No. 23849.   Department One.   December 14, 1932.]

T. F. MENTZER, *Respondent,* v. MENTZER BROS. LUMBER COMPANY *et al.,*
*Appellants.*[1]

*Hugo Metzler, A. B. Cunningham,* and *A. E. Graham,* for appellants.

*Frank C. Owings,* for respondent.

MITCHELL, J.—The decision in a former appeal in this case is reported in 155 Wash. 417, 284 Pac. 749.   The case involves an accounting between T. F. Mentzer and C. A. Mentzer relative to their partnership business from 1890 to 1909, in which latter year it was changed into a corporation, and also of their corporation business known as Mentzer Bros. Lumber Co., the accounting being brought down to the date of trial.

The corporation was organized with capital stock of two thousand shares, 750 of which were issued to T. F. Mentzer, who paid for the same by transferring property of the value of the stock to the corporation, and 1,150 shares being issued to C. A. Mentzer and 100 shares to his daughter Marie Mentzer, which 1,250 shares were paid for by C. A. Mentzer transferring property of the value of that stock to the corporation.   On the former appeal, a new trial was directed because the court was

". . . of the opinion that, under the peculiar circumstances of this case, the trial court erred in refusing to go back of the organization of the corporation for the purpose of making a full accounting between respondent and appellant,"

and further stating with respect thereto

". . . that each party may show, by any competent evidence which can be produced, the true situation as it has existed between the brothers from the time they commenced their business association, in regard to their respective interests in the business which they jointly own, whether conducted by them as partners or through the corporation."

In the trial, the parties were given great latitude in attempting to establish and determine the account between them as to their partnership business.   A number of books of account for this period were missing altogether, while those produced were in a most unsatisfactory and confusing condition, sought to be explained and sup-

[1]Reported in 16 P. (2d) 814.

plemented by contradictory oral testimony. Upon a consideration of all of it, the trial court, at the conclusion of the evidence, said:

"I am compelled to hold that the exhibits referred to cannot be considered worthy of evidenciary standing in an accounting between the parties, and further that it is an impossibility to determine from any competent evidence introduced in this case a just and equitable accounting between the parties as pertaining to the partnership."

Concerning the accounting between the parties growing out of their transactions as a corporation, an extensive hearing was had, in which counsel and the court were assisted by the reports and testimony of expert accountants, and also the findings of a referee upon certain features of the controversy, upon a consideration of which the trial court found and decided that C. A. Mentzer and Marie Mentzer were indebted to the corporation in an amount stated, and that T. F. Mentzer was indebted to the corporation in an amount stated; which amounts, together with cash on hand and certain liberty loan bonds and certain described real estate, constituted all of the assets, which were ordered distributed to the several parties according to their respective stock holdings and as described and set out in the judgment. Mentzer Bros. Lumber Co., a corporation, C. A. Mentzer and Marie Mentzer have appealed.

What has been said of the holding by the trial court of the undependable character of the testimony relating to the partnership business, wholly justified, we think, disposes of the first two assignments of error that certain credits therein referred to should have been given to C. A. Mentzer. That those items are mentioned in the testimony, is true, but they were not established by satisfactory evidence.

By assignments 3, 4, 5 and 6, it is claimed the court erred in failing to give C. A. Mentzer certain specified credits and in charging him with certain items, and in failing to hold that T. F. Mentzer was indebted to the corporation in a certain amount. These assignments present the major portion of the controversy, and, of course, are to be determined as matters of fact. The record with reference to each and all of these items is long and intricate, and need not be discussed in detail. It appears to us, upon a consideration of all the evidence, that it preponderates in favor of the conclusion of the trial court, necessarily implied from the terms of the judgment, that the several contentions embraced in these assignments were not established by the evidence and are without merit.

By the seventh assignment, it is claimed error was committed in holding that Marie Mentzer was indebted to the corporation. The assignment misconceives the judgment, in a way. C. A. Mentzer paid for 1,250 shares of the capital stock of the corporation, one hundred shares of which were issued to his daughter Marie, nominally, but at all times thereafter he handled the same for her as if he owned it. He testified, without denial on her part, that, with her knowledge and consent, he represented the 1,250 shares as if they

were embraced in one certificate in his name. It is for this reason, and as such, that she is mentioned in the judgment as being indebted to the corporation. By the terms of the judgment, she receives in the distribution that part of the property remaining to be distributed that is represented by her one hundred shares of corporate stock.

It may be stated that it appears the corporation has been winding up its business for a number of years, and is not indebted to any third person.

Error assigned upon the denial of a motion for a new trial is without substantial merit, and requires no further consideration.

Affirmed.

TOLMAN, C. J., HOLCOMB, PARKER, and MILLARD, JJ., concur.